IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID MASON MONTGOMERY,        §
                               §
            Plaintiff,         §
                               § Civil Action No. 3:10-CV-1684-D
VS.                            §
                               §
WELLS FARGO BANK, N.A., et al.,§
                               §
            Defendants.        §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from the foreclosure of plaintiff's residential property, the court must decide whether a reasonable jury could find in favor of plaintiff on any of his claims based on alleged failures to comply with the deed of trust or state or federal law. Concluding that it could not, the court grants summary judgment dismissing this action with prejudice.

I

This lawsuit arises from the foreclosure of plaintiff David Mason Montgomery's ("Montgomery's") residential property.[1] In 2005 Montgomery entered into a residential mortgage loan transaction with GreenPoint Mortgage Funding, Inc. The loan was later assigned to defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The deed of trust that secured the loan ("Deed of Trust") included an

---

[1] The court reviews the evidence in a light favorable to Montgomery as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

acceleration clause ("Acceleration Clause").  Under the Acceleration Clause, if Montgomery defaulted on the loan, the lender would give notice of acceleration and notify Montgomery of the nature of the default; the action required to cure the default; the date by which the default must be cured (no fewer than 30 days from the date of notice); and that failure to cure the default would result in acceleration of the debt and sale of the property.

Sometime after executing the loan, Montgomery stopped making the required payments.  On January 11, 2010 Brice Vander Linden & Wernick, P.C. ("BVW"), acting as substitute trustee for Wells Fargo, filed a trustee's deed in the Dallas County Deed Records, indicating that Montgomery's property had been sold at foreclosure on January 5.  BVW sold the property to defendant HSBC Bank USA as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates Series 2005-AP3 ("HSBC").[2]

In February 2010 Montgomery filed this lawsuit in Texas state court, alleging claims for breach of contract, negligent and willful misrepresentation, violations of the Texas Theft Liability Act ("TTLA"), Tex. Civ. Prac. & Rem. Code Ann. § 134.001, *et seq.* (West 2011), and of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and seeking a declaratory judgment that Wells Fargo failed to provide notice as required

---

[2]BVW, a non-diverse party, was also a defendant.  After BVW was dismissed in state court, Wells Fargo and HSBC removed the case to this court based on diversity of citizenship.

under the terms of the Deed of Trust and Tex. Prop. Code Ann. § 51.002 (West 2007 & Supp. 2010). Defendants removed the case to this court based on diversity of citizenship, and they now move for summary judgment.[3]

II

Because defendants will not have the burden of proof on Montgomery's claims at trial, they can meet their summary judgment obligations by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once defendants do so, Montgomery must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Montgomery's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Montgomery's failure to produce proof as to any essential element of a claim renders all other facts immaterial as to that claim. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Montgomery fails to meet this burden. *Little*, 37 F.3d at 1076.

---

[3]Although the motion is captioned as Wells Fargo's motion for summary judgment, it is filed by both defendants.

III

The court first considers Montgomery's claim for breach of contract.

A

Montgomery makes two primary allegations in support of his breach of contract claim. First, he asserts that Wells Fargo violated the Deed of Trust by failing to give proper notice prior to acceleration. Under the Acceleration Clause, if Montgomery breached the terms of the Deed of Trust, Wells Fargo was obligated to notify him before accelerating the indebtedness. The Acceleration Clause required that the notice specify the following: the default; the action required to cure default; a date not fewer than 30 days from the date of the notice by which the default must be cured; that failure to cure the default would result in acceleration of the amount still owed; and that the borrower could reinstate the loan after acceleration and had the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. Montgomery alleges that Wells Fargo failed to give proper notice prior to acceleration and that the foreclosure is therefore void.

Second, Montgomery alleges that Wells Fargo violated the terms of the Deed of Trust by failing provide notice prior to foreclosure, in compliance with Tex. Prop. Code Ann. § 51.002, which is incorporated into the terms of the Deed of Trust.

According to Montgomery, Wells Fargo was required to file notice of the foreclosure in the office of the county clerk of Dallas County. Montgomery alleges that Wells Fargo failed to do so, and that this failure amounts to a breach of the terms of the mortgage and a violation of Tex. Prop. Code Ann. § 51.002. Montgomery also contends that, at the time of foreclosure, HSBC did not have an interest in the property that allowed it to foreclose on the loan.[4]

Defendants maintain that Wells Fargo properly notified Montgomery that the loan was in default and that the mortgage was subject to acceleration and foreclosure. In their summary judgment evidence, they have introduced a letter sent to Montgomery on May 10, 2009, stating that the loan was in default and that the mortgage would be accelerated unless delinquent payments were made by June 9, 2009. The letter also detailed the amount of the arrearage and stated that Montgomery's failure to cure the default would result in foreclosure. Defendants maintain that this letter

---

[4]Montgomery's argument that HSBC lacked an interest in the property that allowed it to seek relief from the automatic bankruptcy stay prior to foreclosure does not relate to the claims at issue and is not properly raised in response to defendants' summary judgment motion. In Montgomery's state-court original petition, he alleges that Wells Fargo did not provide proper notice of acceleration and foreclosure. Defendants seek summary judgment on these claims. Their summary judgment evidence includes a copy of the November 11, 2009 assignment by which HSBC received rights to the note and to the Deed of Trust that secured the note. HSBC owned the note and Deed of Trust when it sent the letter notifying Montgomery of the foreclosure on December 7, 2009. Montgomery has failed to allege a claim that requires a resolution of HSBC's interest at the relevant time.

demonstrates that there is no genuine issue of material fact concerning Wells Fargo's compliance with the Acceleration Clause and its notification requirements.

Regarding Montgomery's assertion that Wells Fargo breached the terms of the mortgage and the requirements of Tex. Prop. Code Ann. § 51.002 by failing to provide adequate notice of foreclosure, defendants contend that Wells Fargo complied with the requirements of the Deed of Trust and the Texas Property Code. They include in the summary judgment evidence a copy of the letter giving notice of the foreclosure sale that was sent to Montgomery on December 7, 2009, and filed with the Dallas County county clerk's office on December 14. They maintain that the sale took place on January 5, 2010 and fully complied with § 51.002, because notice of the foreclosure sale was filed with the county clerk's office at least 21 days before the sale. They also posit that the county clerk was permitted under § 51.002(f) to dispose of the notice of sale after the date of sale passed. Defendants contend that Montgomery's February 22, 2010 search for record of the notice in the county clerk's office does not show that Wells Fargo failed to comply with § 51.002 because the clerk was not required to retain the notice of sale after the sale took place on January 5. Moreover, defendants argue that Wells Fargo was not required to post notice of sale in the Dallas County Deed Records, but was only obligated to file a copy of the notice in the county clerk's office.

B

A reasonable jury could not find that Wells Fargo breached the terms of the Deed of Trust or violated the requirements of the Texas Property Code incorporated into the terms of the Deed of Trust. First, a reasonable jury could not find that Wells Fargo failed to give proper notice prior to acceleration. Defendants' summary judgment evidence includes a copy of the letter Wells Fargo sent Montgomery notifying him that he had defaulted on the loan and that Wells Fargo intended to foreclose. This letter, sent on May 10, 2009, complies with the Acceleration Clause notice requirements in the Deed of Trust. The Deed of Trust obligated the lender to give Montgomery notice prior to acceleration in the event of default. It required that the notice specify the default, the action required to cure the default, a date no fewer than 30 days from the date the notice was given by which to cure the default, and that failure to cure the default on or before the date specified in the notice would result in acceleration of the sums secured by the Deed of Trust and sale of the property. The Deed of Trust also required that the notice of acceleration inform Montgomery of his right to reinstate the loan after acceleration and that he had the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale. A reasonable jury could only find that the notice of acceleration that Wells Fargo sent to Montgomery on May 10, 2009

satisfied these requirements.  The notice identified the total delinquency of the loan as of May 10, 2009 and the payment required to cure default, provided a 30-day period to cure the default and avoid acceleration, and gave notice that acceleration and a foreclosure sale would result if the default were not cured.  A reasonable jury could only find from the summary judgment evidence that the letter satisfied the notice of acceleration requirements found in the Deed of Trust.

Moreover, a reasonable jury could only find that Wells Fargo satisfied the foreclosure notice requirements in the Deed of Trust and in § 51.002 as incorporated in the Deed of Trust.  The Deed of Trust required that, in the event of a foreclosure sale, Wells Fargo post and file notice at least 21 days prior to sale, as provided by applicable law.  It also required that the sale begin at the time posted in the notice, on the first Tuesday of the month.  The parties agree that Tex. Prop. Code Ann. § 51.002—as the applicable law under the terms of the Deed of Trust—governs the notice requirements.  Section 51.002 requires that notice of the foreclosure sale be given at least 21 days before the date of the sale by:

> (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold; (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and (3) serving written notice of the sale by

> certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

Tex. Prop. Code Ann. § 51.002(b). Section 51.002(f) provides that the county clerk "may dispose of the notices [filed under Subdivision (2) of Section (b)] after the date of sale specified in the notice has passed." A reasonable jury could only find that Wells Fargo complied with these foreclosure notice and filing requirements. Defendants' summary judgment evidence includes a copy of the notice of foreclosure sale sent to Montgomery in compliance with the terms of the Deed of Trust and § 51.002. The letter, sent on December 7, 2009, notified Montgomery that the foreclosure sale would take place on January 5, 2010——more than 21 days after the date of notice——during the hours specified in the Deed of Trust. The summary judgment evidence also includes an affidavit of HSBC's representative averring that notice of the foreclosure sale was posted at the Dallas County courthouse and filed with the Dallas County county clerk on December 14, 2009, in compliance with § 51.002(1) and (2).

Montgomery argues that Wells Fargo did not properly file notice with the county clerk. First, he posits that notice was not properly filed with the county clerk because the notice was not on file when he performed a search on February 22, 2010. But § 51.002(f) permits the county clerk to dispose of the notice required by § 51.002(b) after the foreclosure sale has been

conducted. Section 51.002(f) specifically provides that the county clerk "may dispose of the notices after the date of sale specified in the notice has passed." Considering defendants' summary judgment evidence and the timing of Montgomery's February 22, 2010 record search, a reasonable jury could not find that Wells Fargo failed to file notice of the foreclosure sale with the county clerk in accordance with the terms of the deed of trust and § 51.002.

Second, Montgomery objects that the notice required under § 51.002(b) is not the same notice that § 51.002(f) permits the county clerk to discard after the date of sale has passed, but he does not provide support for this argument. Additionally, § 51.002(f) states that the notice that must be kept on file for examination during business hours is the same one required under § 51.002(b)(2) ("Each county clerk shall keep all notices filed under Subdivision (2) of Subsection (b) in a convenient file that is available to the public[.]"). Because the provision for discarding notices in § 51.002(f) refers to the notices of foreclosure sale required by § 51.002(b), a reasonable jury could only find that Wells Fargo complied with the filing requirements of § 51.002. Because a reasonable jury could only find that Wells Fargo satisfied the notice requirements in the Deed of Trust concerning the acceleration of Montgomery's loan and the foreclosure sale of the property, the court grants defendants' summary judgment motion and dismisses Montgomery's breach of

contract claims.

IV

Montgomery also asserts claims for negligent and willful misrepresentation. He alleges in his state-court original petition that BVW, as substitute trustee for Wells Fargo, negligently misrepresented in the trustee's deed that the foreclosure sale was posted as required by the Deed of Trust and Tex. Prop. Code Ann. § 51.002. Montgomery also asserts that BVW made these misrepresentations willfully.[5]

Defendants maintain that Montgomery has presented no proof in support of his negligent misrepresentation claims. They posit that Montgomery has not presented any evidence showing that Wells Fargo or BVW made a material false representation, had a reasonable ground for believing a representation was false, made a misrepresentation with an intent to induce Montgomery's reliance, actually induced Montgomery's reliance, or caused Montgomery to suffer damages. Defendants contend that BVW's representations that it provided notice of filing and foreclosure could not have been misrepresentations because they in fact complied with the notice and filing requirements of the Deed of Trust and the Texas Property Code. Montgomery has not responded to this ground of defendants'

---

[5]To the extent Montgomery asserts a negligent misrepresentation claim against BVW in this state-court original petition, the claim was dismissed prior to removal. The court therefore considers these claims only to the extent Montgomery seeks to hold Wells Fargo liable for the conduct of BVW.

motion.

A reasonable jury could not find that defendants negligently or willfully made material misrepresentations, as Montgomery alleges. Montgomery's claims for negligent and willful misrepresentation turn on his allegations that BVW, as substitute trustee, made material misrepresentations in stating that notice of the foreclosure sale had been sent to Montgomery and filed with the county clerk, in accordance with the terms of the Deed of Trust and Tex. Prop. Code Ann. § 51.002. Because defendants have pointed to the absence of evidence supporting these claims, Montgomery must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324; *Little,* 37 F.3d at 1075. Montgomery has not done so. He has neither introduced such evidence nor addressed his negligent misrepresentation claims in his summary judgment response. Moreover, because, as discussed *supra* at § III(B), a reasonable jury could only find that Wells Fargo complied with the notice and filing requirements of the Deed of Trust and § 51.002, a reasonable jury could not find that BVW's representations of compliance with these requirements misstated material facts.

V

The court next considers Montgomery's claim under the TTLA. Montgomery alleges that defendants "unlawfully appropriat[ed] property . . . as described by section 31.03 of the TEXAS PENAL

CODE," in violation of the TTLA. He also seeks exemplary damages and attorney's fees under § 134.005. Defendants argue that Montgomery has presented no evidence that they unlawfully sold his property without his consent, and they seek summary judgment on this claim. Defendants argue that, when Montgomery signed the Deed of Trust, he consented to foreclosure of his property in the event of default. Montgomery has not responded to defendants' motion for summary judgment with respect to this claim.

The court holds that defendants are entitled to summary judgment on this claim. Section 134.002(2) defines "theft" as "unlawfully appropriating property or unlawfully obtaining services," as described by, among other sections, § 31.03 of the Texas Penal Code. Section 31.03(b)(1) provides that "appropriation of property is unlawful if . . . it is without the owner's effective consent." A reasonable jury could not find that defendants unlawfully appropriated Montgomery's property. In response to defendants' motion, Montgomery has not adduced evidence that would enable a reasonable jury to find that defendants unlawfully appropriated his property when Wells Fargo foreclosed on it, as permitted under the terms of the Deed of Trust. The Deed of Trust indubitably establishes that Montgomery consented to foreclosure as a remedy in the event he defaulted on the loan. It specifies that, "if the default is not cured . . . Lender at its option may . . . invoke the power of sale and any other remedies

permitted by Applicable Law." D. App. 26. A reasonable jury could not find, nor has Montgomery presented evidence indicating, that Wells Fargo lacked the authority under the Deed of Trust to invoke the power of sale. Defendants are entitled to summary judgment dismissing Montgomery's TTLA claim.

VI

Nor could a reasonable jury find in Montgomery's favor on his claim under the FDCPA.

Montgomery's state-court original petition alleges only that Wells Fargo, through BVW as a debt collector, failed and refused to comply with the terms of the FDCPA. Defendants maintain that this claim fails as a matter of law because Wells Fargo was not a "debt collector" within the terms of the FDCPA. They posit that, even if the FDCPA applies, there is no evidence that Wells Fargo failed to comply with the FDCPA when foreclosing on Montgomery's property. Montgomery has not responded to this ground of defendants' motion.

Defendants are entitled to summary judgment dismissing this claim. Mortgage lenders like Wells Fargo are not "debt collectors" within the meaning of the FDCPA. *See Wiggins v. Wells Fargo & Co.*, 2010 WL 342246, at *3 (N.D. Tex. Jan. 29, 2010) (Godbey, J.); *Williams v. Countrywide Home Loans, Inc.,* 504 F.Supp.2d 176, 190 (S.D. Tex. 2007) (holding that mortgage companies collecting debts are not "debt collectors" under FDCPA), *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008). Montgomery has not presented evidence that would

enable a reasonable jury to find that Wells Fargo violated the statute. Defendants are entitled to summary judgment dismissing Montgomery's FDCPA claim.

VII

Finally, Montgomery is not entitled to a declaratory judgment, and this claim is dismissed. His state-court original petition seeks a judgment under Texas procedure declaring that Wells Fargo failed to provide adequate notice of foreclosure and that title did not transfer as a matter of law. On removal, Montgomery's Texas-law declaratory judgment action was converted to one brought under the federal Declaratory Judgment Act. *See, e.g., Redwood Resort Props., LLC v. Holmes Co.*, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007) (Fitzwater, J.) ("When a declaratory judgment action filed in state court is removed to federal court, that action is in effect converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." (citing *i2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (Fish, C.J.))). The declaratory judgment relief that Montgomery seeks is based on two claims for which a reasonable jury could not find in his favor: that Wells Fargo failed to provide adequate notice of foreclosure and that title did not transfer. Accordingly, even assuming that this court in its discretion would entertain a declaratory judgment action that essentially duplicates other claims in the case (a doubtful assumption), Montgomery is not

entitled to relief because a reasonable jury could not find in his favor on the predicate claims that support the request for declaratory relief.

* * *

For the reasons explained, defendants' January 21, 2011 motion for summary judgment is granted, and Montgomery's claims are dismissed with prejudice. Defendants' March 1, 2011 motion for leave to file their first amended answer is denied as moot.[6]

**SO ORDERED.**

April 12, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[6]On March 1, 2011 defendants filed a motion for leave to amend their answer to plead the affirmative defenses of justification and estoppel and to assert counterclaims for breach of contract, quantum meruit, and unjust enrichment. The proposed amended answer also seeks a declaration that Montgomery was and remains in default of his mortgage payment obligations, and requests an accounting of his indebtedness, arrearage, and payment obligations. Because the court is dismissing Montgomery's claims, it denies defendants' motion to amend their answer without prejudice as moot.