```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION
```

DAVID MASON MONTGOMERY,           §
                                  §
                    Plaintiff,    §
                                  § Civil Action No. 3:10-CV-1684-D
VS.                               §
                                  §
WELLS FARGO BANK, N.A., et al.,   §
                                  §
                    Defendants.   §

MEMORANDUM OPINION
AND ORDER

Treating plaintiff David Mason Montgomery's ("Montgomery's") May 9, 2011 motion, as amended on May 10, 2011, for reconsideration of court's order granting defendants' motion for summary judgment and for new trial as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies the motion. The court also declines to consider any arguments or evidence presented for the first time after dismissal of this case because Montgomery has shown no reason why he could not have presented them before the court decided defendants' summary judgment motion.

I

Montgomery filed his motion on May 9, 2011 and amended it on May 10. The court entered the judgment on April 12, 2011. Because Montgomery filed his motion within 28 days of the date the judgment was entered, the motion is properly considered as a Rule 59(e) motion to alter or amend the judgment. *See, e.g., Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) (addressing former rule in which applicable period was ten countable days);

Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

The motion is not properly considered a motion for "new trial" because there was no trial. As the court has explained several times, including in *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.):

> Although denominated as a motion for "new trial," it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

*Id.* at *1.

II

Montgomery's motion advances essentially the same arguments he made in opposition to summary judgment. The court will briefly address each one.

A

First, Montgomery contends that neither defendant Wells Fargo Bank, N.A. ("Wells Fargo") nor defendant HSBC USA ("HSBC") had standing to foreclose on his home mortgage because neither had any rights in the note securing the mortgage at the time of foreclosure.

Defendants' summary judgment evidence includes a copy of the November 11, 2009 assignment of the note and Deed of Trust, together, from Wells Fargo to HSBC. Ds. App. 42-43. HSBC sold the property at foreclosure on January 5, 2010, after it had been assigned the note and Deed of Trust. *Id.* at 35-36. Even assuming that Montgomery can make such a showing for the first time in a post-judgment motion, he has failed to demonstrate through argument or evidence that this assignment did not effectively convey to HSBC an interest in the note.

In his post-judgment motion, Montgomery clarifies some of the factual facets of his original argument in opposition to summary judgment, but the revised argument is untimely and, even if considered timely, lacks force. Montgomery posits that the October 2007 assignment of his mortgage to Wells Fargo did not effectively convey an interest in his property because Mortgage Electronic Registration Systems, Inc. ("MERS") transferred the note and Deed of Trust on behalf of Greenpoint Mortgage Lending ("Greenpoint"), the original lender. According to Montgomery, Greenpoint "stopped making residential loans in August 2007 and stopped making commercial loans in October 2007 and ceased doing business." P. Mot. 4. Montgomery posits that "there is some question as to whether MERS (as agent for Greenpoint) in November 2007 could act on behalf of a principal that was not a going concern after October 2007."

Montgomery adduced a copy of the assignment conveying the note and Deed of Trust to Wells Fargo. *See* P. App. 25-26. He has presented no evidence that the assignment from Greenpoint (acting through MERS) to Wells Fargo did not effectively convey the note and Deed of Trust to Wells Fargo.

Montgomery also points to a January 17, 2008 proof of claim for the mortgage debt filed by America's Servicing Company ("ASC"), as servicing agent for HSBC, in Montgomery's 2008 bankruptcy. He argues that this proof of claim was improper because HSBC was not actually assigned the note and Deed of Trust until November 2009. He similarly maintains that ASC's notice, sent on behalf of HSBC, regarding terminating the automatic stay in bankruptcy on May 5, 2009 was improper because HSBC had no interest in the mortgage at that time. Montgomery does not clarify his arguments with respect to the legal importance of these actions. To determine that HSBC owned the note and Deed of Trust at the time of the foreclosure sale, the court need not opine on the propriety of HSBC's proof of claim. The summary judgment evidence includes a copy of the November 2009 assignment of the note and Deed of Trust to HSBC, and Montgomery presented no evidence before the court entered summary judgment indicating that HSBC lacked an interest in the note and Deed of Trust at the time of the January 5, 2010 foreclosure sale.

B

Second, Montgomery argues, as he did in his opposition to defendants' summary judgment motion, that Wells Fargo and HSBC did not provide 30 days' notice as required by the Deed of Trust before accelerating the mortgage. He contends that, even if defendants gave 30 days' notice, the notice did not comply with the requirements of the Deed of Trust because defendants did not hold the note and accordingly were not the "lenders" required to give notice under the Deed of Trust.

Defendants' summary judgment evidence included a copy of the acceleration notice sent from Wells Fargo, d/b/a ASC, to Montgomery on May 10, 2009. Ds. App. 54-55. A reasonable jury could only find that Wells Fargo complied with the Deed of Trust's requirements for providing notice of acceleration. And as explained, Wells Fargo properly held the note when it sent Montgomery the notice of acceleration in compliance with the requirements of the Deed of Trust.

C

Third, Montgomery contends that even if Wells Fargo or HSBC had an interest in the note at the time of foreclosure, the foreclosure is void because Wells Fargo and HSBC failed to file notice of the foreclosure sale in compliance with the terms of the Deed of Trust and Tex. Prop. Code § 51.002(b). The court again rejects this contention as it did in its summary judgment ruling.

* * *

Treating Montgomery's May 9, 2011 motion for reconsideration, as amended on May 10, 2011, as a Rule 59(e) motion, the motion is denied.

**SO ORDERED.**

May 16, 2011.

                                                  SIDNEY A. FITZWATER
                                                  CHIEF JUDGE